WATKINS *et al. v.* BOARD OF MAYOR AND ALDERMAN OF THE TOWN OF PORT GIBSON.

[73 South. 867—72 South. 470, Division B.]

MUNICIPAL CORPORATIONS. *Drainage. Damages. Frivolous action. Peremptory instruction.*

Where in an action against a city for alleged damages to plaintiff's land caused by an outlet ditch from a street drain, it was impossible for the jury to determine with any degree of certainty what was the damage and at most it was only nominal and based on a mere technical trespass, the court was justified in dismissing the case as a frivolous lawsuit.

APPEAL from the circuit court of Claiborne county.
HON. E. L. BRIEN, Judge.

ON SUGGESTION OF ERROR.

The facts are fully stated in the opinion of the court.

*H. C. Mounger,* for appellants.

*J. T. Drake,* for appellee.

COOK, P. J., delivered the opinion of the court.

The judgment of the court below was affirmed (72 So. 470), and this case is again before us on suggestion of error.

Appellants instituted a suit against the town of Port Gibson for alleged damages growing out of the alleged wrongful drainage of one of the streets of the town. The evidence taken at the trial shows that the street in question was higher than the land of appellants, and that the actual drainage of the water falling on the street was from the street onto appellant's land; that the water falling on lands adjacent to the street, if left to flow according to the laws of nature, would pass over the land occupied by the street and onto the lands alleged to have been damaged. The evidence shows inferentially that somebody authorized by the town authorities to relieve the congestion of the drains along the street, cut an outlet ditch into the adjoining lands of appellant, which in some degree damaged the productive capacity of the land.

Taking the evidence as a whole and in detail, it may be said that the waters thus thrown upon appellant's land caused a slight reduction of the capacity of the land to produce crops, but, at most, this damage was nominal.

Giving full value to all of the evidence, or to any part of the same, it is extremely difficult to perceive how any jury could determine with any degree of satisfaction what was the damage. Certainly the most ardent partisan could not render a verdict in any sum approximating the original jurisdiction of the circuit court.

Getting away from mere possibilites and coming down to probabilities, it is perfectly sure that no impartial jury could have rendered a verdict for more than nominal damages based on the theory of a technical trespass.

All the evidence shows that, if both the roadway and appellant's land should be restored to a natural state, the land alleged to have been overflowed would be in a worse

condition than it was at the dates mentioned in this record.

We have given to this record a very patient and careful reexamination, and we believe now, as we believed when we affirmed the judgment of the trial court, that the learned circuit judge was warranted in directing a verdict for defendant upon the theory that the record makes a frivolous lawsuit.

*Suggestion of error overruled.*